# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

RACHAEL HAYS,                                    )
                                                )
       Plaintiff,                                )
                                                )
     v.                                         )      CAUSE NO. 1:11-CV-324
                                                )
WAL-MART REAL ESTATE BUSINESS TRUST,)
WAL-MART ASSOCIATES, INC.,                       )
WAL-MART STORES EAST, LP,                         )
WAL-MART PROPERTIES, INC.,                        )
WAL-MART REALTY COMPANY,                          )
WAL-MART STORES EAST, INC.,                       )
WAL-MART STORES, INC.,                            )
WAL-MART TRANSPORTATION, LLC,                     )
WAL-MART TRS, LLC,                                )
                                                )
       Defendants.                               )

## <u>OPINION AND ORDER</u>

This case was removed to this Court from the LaGrange Circuit Court by Defendants,

Wal-Mart Real Estate Business Trust, Wal-Mart Associates, Inc., Wal-Mart Stores East, LP,

Wal-Mart Properties, Inc., Wal-Mart Realty Company, Wal-Mart Stores East, Inc., Wal-Mart

Stores, Inc., Wal-Mart Transportation, LLC, and Wal-Mart TRS, LLC, based on diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that

Defendants are corporations incorporated in Delaware and that Defendants have their principal

places of business in Arkansas. (Notice of Removal ¶ 2.)

Defendants' Notice of Removal, however, is inadequate. While the Notice properly

alleges the citizenship of Wal-Mart Associates, Inc., Wal-Mart Properties, Inc., Wal-Mart Stores

East, Inc., Wal-Mart Stores, Inc., and Wal-Mart Realty Company because these entities are in

fact corporations,[1] the Notice fails to establish the citizenship of the remaining four defendants, consisting of a business trust, two LLCs, and an LP.

First, the citizenship of Wal-Mart Real Estate Business Trust has not been properly established because the citizenship of a trust is determined by the citizenship of the trustee. *Navaroo Sav. Ass'n v. Lee*, 446 U.S. 458 (1980); *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002). The Notice of Removal, however, makes no mention of the trustee of Wal-Mart Real Estate Business Trust or the trustee's citizenship. Therefore, Defendants must amend their Notice of Removal to state the citizenship of Wal-Mart Real Estate Business Trust.

As to Defendants Wal-Mart Transportation, LLC, and Wal-Mart TRS, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of Wal-Mart Transportation, LLC, and all the members of Wal-Mart TRS, LLC, to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Wal-Mart Transportation, LLC, and of Wal-Mart TRS, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Finally, as regards Wal-Mart Stores East, LP, "a limited partnership has the citizenships

---

[1]While the organization of Wal-Mart Realty Company is unclear from its name, a search of the Delaware Department of State's website, *see* Delaware Department of State: Division of Corporations Online Services. https://delecorp.delaware.gov/tin/GINameSearch.jsp (last visited September 15, 2011), revealed that Wal-Mart Realty Company is a Delaware corporation. As such, Defendants have properly alleged citizenship for Wal-Mart Realty Company.

of each partner, general and limited." *Guar. Nat'l Title Co., Inc. v. J.E.G. Assoc.*, 101 F.3d 57, 59 (7th Cir. 1996) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, a court "need[s] to know the name and citizenship(s) of its general and limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, as discussed above, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320; *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen."). Therefore, the Court needs to be advised of the membership of Wal-Mart Stores East, LP.

Therefore, Defendants are ORDERED to supplement the record forthwith as to the citizenship of Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, LP, Wal-Mart Transportation, LLC, and Wal-Mart TRS, LLC, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 15th day of September, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge